*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRANDON DARCEL VAUGHN,

Defendant-Appellant.

UNPUBLISHED
February 20, 2020

No. 346240
Wayne Circuit Court
LC No. 18-002672-01-FC

Before: REDFORD, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

A jury convicted defendant of carrying a concealed weapon (CCW), MCL 750.227, felon in possession of a firearm (felon-in-possession), MCL 750.224, and possession of a firearm in the commission of a felony (felony-firearm), MCL 750.227b. Defendant appeals as of right his sentence as a fourth habitual offender, MCL 769.12, to concurrent terms of 46 months to 20 years' imprisonment for the CCW and felon-in-possession convictions, and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

On the morning of February 20, 2018, defendant and two men, Darrian Baker and Davaughn West, planned to smoke marijuana. Defendant and West had a brief argument about money. Defendant and West walked to the Bottle Stop liquor store located on East State Fair and Irvington in Detroit. Baker drove separately to the store to purchase cigarettes. When he arrived, he found defendant there and struck up a conversation. Defendant told him that West had robbed and shot at him. Baker exited the store and saw West walking fast crossing Irvington toward the store. Baker heard the store door open and then several gunshots. Baker saw West try to flee into the street where a van hit him and knocked him to the ground. Baker heard more gunshots, and he saw defendant flee the scene with a black semiautomatic handgun. Baker drove West to Detroit Receiving Hospital. Baker admitted that he told the police that defendant was carrying a handgun, and that he observed defendant firing his weapon. West sustained twelve gunshot wounds. West denied observing the person who shot him, denied knowing defendant or Baker, and denied having any confrontation with defendant.

-1-

Defendant was charged with several offenses but the jury acquitted him of assault with intent to murder, assault with intent to do great bodily harm less than murder, carrying a dangerous weapon with unlawful intent, and three counts of felony-firearm. However, the jury convicted defendant of CCW, felon-in-possession, and felony-firearm.

At defendant's sentencing hearing, defense counsel objected to the presentence investigation report's (PSIR) assessment of points for offense variable (OV) 12, MCL 777.42, and argued that it should have been scored at zero. The prosecution agreed and the trial court amended OV 12 accordingly, resulting in a decrease from 12 months to 9 months for the calculation of defendant's minimum sentence under the sentencing guidelines. The trial court determined defendant's minimum sentence as a habitual offender under the sentencing guidelines as 9 months to 46 months. The trial court sentenced defendant as a fourth-offense habitual offender to two years' imprisonment for his felony-firearm conviction, to be served consecutive to concurrent sentences of 46 months to 20 years' imprisonment for his CCW and felon-in-possession convictions.

## II. STANDARD OF REVIEW

"The trial court's discretionary decisions—including its exercise of sentencing discretion—are reviewed for an abuse of discretion." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019) (citations omitted). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *Id*. In addition, "[a] trial court abuses its discretion when it imposes a sentence that is not proportional to the seriousness of the circumstances surrounding the offense and the offender." *People v Sabin*, 242 Mich App 656, 661; 620 NW2d 19 (2000).

## III. ANALYSIS

### A. DEFENDANT'S SENTENCE

Defendant argues that the trial court imposed an unreasonable and disproportionate sentence despite the fact that his 46-month minimum sentences fell within the advisory sentencing guidelines range of 9 months to 46 months because of his fourth habitual offender status. We disagree.

MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

While a court must score and consider the sentencing guidelines, the guidelines are advisory only. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015) "Notably, *Lockridge* did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). "Although the Legislature's [sentencing] guidelines are advisory, they 'remain a highly relevant consideration in a trial court's exercise of [its] sentencing discretion.' " *Odom*, 327 Mich App at 314-15, quoting *Lockridge*, 498 Mich at 391. Because *Lockridge* did not alter the continued validity of MCL 769.34(10), we must affirm a sentence that falls within the recommended sentencing guidelines range, absent an error in scoring or reliance on inaccurate information. *Schrauben*, 314 Mich App at 196, 196 n 1.

Under the guidelines the trial court determined defendant's minimum sentence range as a habitual offender of 9 months to 46 months. The trial court sentenced defendant to a minimum of 46 months' imprisonment. Defendant does not dispute that the trial court correctly calculated his guidelines range, nor does he argue that the trial court relied on inaccurate information. Therefore, under MCL 769.34(10) we must affirm defendant's sentence.

Defendant argues further that the trial court imposed a sentence disproportionate to the crimes of which the jury convicted him. "A sentence is reasonable when it is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Odom*, 327 Mich App at 305, citing *People v Steanhouse*, 500 Mich 453, 471-472; 902 NW2d 327 (2007). "A sentence that falls within the appropriate sentencing guidelines range is presumptively proportionate." *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). "If a defendant or his attorney believes that unusual circumstances exist so that a sentence within the guidelines range would not be proportionate, then those circumstances should be presented to the sentencing judge in open court before sentencing so that the judge may consider them. If this is not done, then the issue that a sentence that is within the guidelines range violates the principle of proportionality may not be raised on appeal." *People v Sharp*, 192 Mich App 501, 505-506; 481 NW2d 773 (1992).

In this case, defendant failed to present to the trial court unusual circumstances to overcome the presumption of proportionality. Accordingly, defendant cannot raise this issue on appeal and he is not entitled to resentencing.

Defendant also argues that the trial court imposed an unreasonable sentence because it based his sentence on his youth and his fourth habitual offender status and opined that the community needed protection when there were no victims of defendant's convicted offenses. We disagree.

We are only required to consider the reasonableness of sentences that depart from the sentencing guidelines range. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018), citing *Lockridge*, 498 Mich at 365. The trial court stated: "And so I think something within the guidelines is almost required in this case, uh, given the nature of the charges." The trial court found that defendant's extensive criminal record evidenced a pattern of criminality and disregard for others. Despite his youth, defendant had already achieved fourth-offense habitual offender status. The record reflects that the trial court appropriately acknowledged that the jury acquitted

defendant of various charges indicating that it did not take defendant's acquittals into account when sentencing defendant. The trial court based defendant's sentence on the specific offenses of which the jury convicted him and his fourth-offense habitual offender status. Therefore, the trial court did not impose an unreasonable sentence and defendant is not entitled to resentencing.

Defendant also asserts that he was sentenced at the high end of the guidelines range as a punishment for taking his case to trial. Defendant fails to support his claim with any evidence. Defendant even concedes on appeal that the trial court did not state that defendant was being punished for taking his case to trial. An appellant may not simply "announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *People v Bowling*, 299 Mich App 552, 559-560; 830 NW2d 800 (2013), quoting *Kevorkian*, 248 Mich App at 389 (quotation marks and citation omitted).

Next, defendant argues that this Court should find that MCL 769.34(10) is invalid. Defendant asserts that MCL 769.34(10) is constitutionally invalid because a mandatory, nonrebuttable presumption of proportionality continues to exist, despite the Michigan Supreme Court's holding in *Lockridge*. "*Lockridge* did not alter or diminish MCL 769.34(10)," *Schrauben*, 314 Mich App at 196 n 1, and contrary to defendant's assertion, a rebuttable presumption of proportionality exists. *Lee*, 243 Mich App at 187; *Odom*, 327 Mich App at 305. While "[t]he trial court must consult the resulting guidelines range, [] it retains its discretion to depart from that range." *Odom*, 327 Mich App at 305, citing *Lockridge*, 498 Mich at 391-392. Thus, defendant's contention has no basis in the law.

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues he was denied the effective assistance of counsel at his sentencing hearing. Defendant claims that if defense counsel had properly advocated for defendant rather than being surprised at the jury verdict, the trial court could have given defendant a lesser sentence. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must move for a new trial or an evidentiary[1] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009) (citation omitted). Defendant did not move for a new trial or seek an evidentiary hearing in the trial court. Therefore, defendant failed to preserve his ineffective assistance of counsel claim.

"This Court reviews an unpreserved ineffective-assistance-of-counsel claim for errors apparent on the record." *People v Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019) (citation omitted). "Generally, an ineffective-assistance-of-counsel claim presents a mixed question of fact and constitutional law." *Id*. "Constitutional questions are reviewed de novo[.]" *Id*. "[F]indings of fact are reviewed for clear error." *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

has been made." *People v Lanzo Const Co*, 272 Mich App 470, 473; 726 NW2d 746 (2006) (citation omitted).

Criminal defendants are entitled to the effective assistance of counsel. *Hoang*, 328 Mich App at 63. To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), citing *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

In satisfying the first prong, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness[.]" *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012) (citations omitted). "[A] defendant must 'overcome the strong presumption that counsel's performance was born from a sound trial strategy.' " *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015), citing *Trakhtenberg*, 493 Mich at 52, citing *Strickland*, 466 US at 689. A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

In this case, the record reflects that defense counsel appropriately advocated for the imposition of a minimum sentence at the lower end of the range established under the sentencing guidelines. Defendant's contention that defense counsel acted surprised at the verdict and faltered in representing him is unsupported in the record. Further, defense counsel objected to the assessment of points for OV 12 and obtained a change in scoring that favored defendant. Defendant has failed to establish a factual predicate for his claim of ineffective assistance. *Hoag*, 460 Mich at 6. Defense counsel's performance did not fall below an objective standard of reasonableness.

Defendant also has failed to establish that a reasonable probability exists that the outcome of his sentencing would have been different. *Trakhtenberg*, 493 Mich at 51. The trial court appropriately sentenced defendant within the sentencing guidelines minimum range. Therefore, defendant has failed to demonstrate prejudice.

Affirmed.

/s/ James Robert Redford
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto