*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEVEN SMITH,

Defendant-Appellant.

UNPUBLISHED
March 24, 2020

No. 346391
Wayne Circuit Court
LC No. 15-001977-01-FH

Before: BECKERING, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Defendant appeals his resentencing on remand, as a fourth habitual offender, MCL 769.12(1)(b), to 260 months to 30 years' imprisonment for first-degree home invasion, MCL 750.110a(2). On appeal, defendant argues the trial court imposed an unreasonable and disproportionate sentence on remand. Defendant further argues that his minimum sentence exceeds two-thirds of his maximum sentence, and thus violates the rule set forth in *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972), and MCL 769.34(2)(b). According to defendant, he is thus entitled to resentencing. We affirm.

## I. STATEMENT OF FACTS

This is defendant's second appeal to this Court. Defendant was initially sentenced to life imprisonment, which constituted a departure from the sentencing guidelines. In defendant's first appeal, this Court affirmed defendant's conviction, but remanded for resentencing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005), and *People v Steanhouse*, 313 Mich App 1, 9; 880 NW2d 297 (2015), aff'd in part, rev'd in part 500 Mich 453 (2017). *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued January 10, 2017 (Docket No. 328736), p 1 (*Smith I*), remanded in part and lv den in part 501 Mich 876 (2017).

Defendant appealed to our Supreme Court. In lieu of granting leave to appeal, our Supreme Court reversed "that part of the judgment of the Court of Appeals remanding this case to the trial court for proportionality review and for a hearing pursuant to *People v Lockridge*," and remanded the case to this Court "for plenary review of the defendant's claim that his sentence was

disproportionate under the standard set forth in *People v Milbourn*."[1] *People v Smith*, 501 Mich 876; 901 NW2d 873 (2017). In all other respects, our Supreme Court denied defendant's application for leave to appeal. *Id.*

On remand, this Court found the trial court's reasons for imposing a departure sentence did "not confirm that defendant's life sentence met the *Milbourn* standard of proportionality, and thus is reasonable under *Lockridge*[.]" *People v Smith*, unpublished per curiam opinion of the Court of Appeals, issued March 6, 2018 (Docket No. 328736), p 1 (*Smith II*). This Court found that three of the trial court's stated reasons for imposing a departure sentence—defendant's criminal record, parole status, and the vulnerability of the victims—were improper, because they were accounted for in the scoring of the guidelines. Furthermore, while MCL 769.12(1)(b) authorized a life sentence because of defendant's habitual offender status, that itself did not satisfy the principle of proportionality. *Smith II*, unpub op at 3. This Court concluded that reversal and remand for resentencing was required because "the trial court was still required to provide reasons, grounded in the concept of proportionality, for the imposition of a life sentence and to articulate adequate reasons sufficiently justifying the extent of the departure imposed." *Smith II*, unpub op at 3. The trial court resentenced defendant to 260 months to 30 years' imprisonment, a top-of-guidelines sentence. This appeal ensued.

## II. DISCUSSION

Defendant argues that MCL 769.34(10) was rendered invalid by our Supreme Court's decision in *Lockridge*, and thus permits us to review defendant's sentence for reasonableness. Defendant asserts that the sentence was unreasonable because it violated the principle of proportionality, and thus violated the provision against cruel and unusual punishment under both our state and federal constitutions. Defendant additionally contends that, even if this Court disagrees that defendant's sentence was disproportionate, he is nonetheless entitled to an amended sentence because the trial court violated the two-thirds rule set forth in *Tanner*, 387 Mich at 689-690 and MCL 769.34(2)(b).

### A. PROPORTIONALITY OF SENTENCE

Defendant argues that the sentence he received was unreasonable and disproportionate. Defendant further alleges that MCL 769.34(10) was rendered invalid by our Supreme Court's decision in *Lockridge*. Because MCL 769.34(10) survives *Lockridge*, and defendant's within-guidelines sentence was proportionate, we disagree.

"This Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018), citing *Lockridge*, 498 Mich at 365; see also *People v Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse*, 500

---

[1] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *People v Steanhouse*, 500 Mich 453, 471-475; 902 NW2d 327 (2017).

Mich at 471. An abuse of discretion occurs when the trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence imposed . . . ." *Id*. Furthermore, an abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). "The trial court's fact-finding at sentencing is reviewed for clear error." *Lampe*, 327 Mich App 104, 125-126; 933 NW2d 314 (2019). "We review de novo questions of law, including the interpretation of statutory and constitutional provisions." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019).

A trial court has discretion to sentence a defendant within the guidelines range authorized by law. *Alleyne v United States*, 570 US 99, 116; 133 S Ct 2151; 186 L Ed 2d 314 (2013); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Before our Supreme Court's decision in *Lockridge*, the legislative sentencing guidelines were binding on trial judges. *Lockridge*, 498 Mich at 387, citing MCL 769.34(2). Although *Lockridge* severed MCL 769.34(2), to the extent that it made the calculated guidelines sentence range mandatory, the guidelines remain advisory and "[s]entencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 392; see also *Steanhouse*, 500 Mich at 469-470, 474-475.

Sentences imposed post-*Lockridge* that deviate from the sentencing guidelines are evaluated for reasonableness under the principle of proportionality first articulated in *Milbourn*: a sentence imposed by a trial court must "be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 472; see also *Milbourn*, 435 Mich at 636. This is, in part, a reflection of the long-standing history of the principle of proportionality in our jurisprudence and its incorporation in the sentencing guidelines: "Under our system of sentencing, this principle of proportionality is first entrusted to the Legislature, which is tasked with 'grading the seriousness and harmfulness of a given crime and given offender within the legislatively authorized range of punishments.' " *Odom*, 327 Mich App at 314, quoting *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017) (citation and quotation marks omitted); see also *Steanhouse*, 500 Mich at 472. Thus, "a sentence within the Legislature's guidelines range is presumptively proportionate[,]" *Odom*, 327 Mich App at 315, and "[a]ccording to *People v Lockridge*, this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *Anderson*, 322 Mich App at 636. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10).

Defendant does not dispute that his sentence falls within the guidelines range for first-degree home invasion as a habitual fourth offender, and recognizes that MCL 769.34(10) bars resentencing absent a showing that the trial court committed a scoring error or relied on inaccurate information when imposing his sentence. Defendant contends that, following our Supreme Court's decision in *Lockridge*, the first sentence of MCL 769.34(10) is no longer valid.

MCL 769.34(10) provides, in pertinent part:

If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent

an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Defendant contends that this portion of MCL 769.34(10) has been rendered invalid by *Lockridge* because it imposes a mandatory, irrebuttable presumption of reasonableness for sentences imposed within the guidelines. Because *Lockridge* declared the legislative sentencing guidelines to be advisory, defendant asserts that there can be no mandatory presumption of reasonableness, and there must be a mechanism for rebutting the presumption. In support of this contention, defendant contrasts the presumption in MCL 769.34(10) to the approach used in the federal sentencing scheme that inspired the *Lockridge* remedy, *Rita v United States*, 551 US 338, 352-353; 127 S Ct 2456; 168 L Ed 2d 203 (2007), noting that *Rita* held that "a *nonbinding* appellate presumption that a Guidelines sentence is reasonable" does not violate Sixth Amendment principles. 551 US at 352-353 (emphasis added). Defendant additionally asserts that neither *Schrauben*, 314 Mich App at 196, nor *Anderson*, 322 Mich App at 636, address whether MCL 769.34(10) survives the ruling in *Lockridge*, but rather assumed without analysis that sentences within the guidelines range must be affirmed absent a scoring error or reliance on inaccurate information.

Contrary to defendant's assertions, *Schrauben* did address the status of MCL 769.34(10), although without supporting analysis: *Schrauben* noted that "*Lockridge* did not alter or diminish MCL 769.34(10)." *Schrauben*, 314 Mich App at 196 n 1. Yet statutes are presumed to be constitutional and are construed accordingly unless their unconstitutionality is clearly apparent. *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). According to *Schrauben*, because defendant's sentence falls within the applicable guidelines range, and defendant does not allege a scoring error or reliance upon inaccurate information in determining that sentence, this Court must affirm defendant's sentence under MCL 769.34(10). While there has been some question regarding the constitutionality of MCL 769.34(10) post-*Lockridge*, this Court follows published opinions under principles of stare decisis. MCR 7.215(J)(1). We are thus bound by our published decision in *Schrauben*, 314 Mich App 181.[2] See MCR 7.215(C)(2).

Defendant nevertheless asserts that his sentence presents the "unusual circumstances" contemplated in *Milbourn*, which found that "even a sentence within the sentencing guidelines could be an abuse of discretion in unusual circumstances." *Milbourn*, 435 Mich at 661. Specifically, "under 'unusual circumstances,' a sentence within the guidelines range may 'be disproportionately severe or lenient,' which would result in a sentence that violates the principle of proportionality even though it is within the guidelines range." *People v Steanhouse*, 322 Mich

---

[2] In *People v Ames*, 501 Mich 1026; 908 NW2d 303 (2018), our Supreme Court directed oral argument on the application for leave to appeal in that case to consider whether MCL 769.34(10) has been rendered invalid by *Lockridge*. After hearing oral argument, our Supreme Court denied leave to appeal in that case. *People v Ames*, 504 Mich 899; 929 NW2d 283 (2019). Nevertheless, the Supreme Court's decision to deny leave to appeal has no precedential value. See *Nuculovic v Hill*, 287 Mich App 58, 68; 783 NW2d 124 (2010); see also MCR 7.305(H)(3) ("If leave to appeal is denied after a decision of the Court of Appeals, the Court of Appeals decision becomes the final adjudication and may be enforced in accordance with its terms.").

App 233, 239 n 3; 911 NW2d 253 (2017), vacated in part on other grounds ___ Mich ___; 933 NW2d 276 (2019), quoting *Milbourn*, 435 Mich at 661; see also *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000) ("In order to overcome the presumption that the sentence [within the guidelines range] is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate."). Defendant argues that because his sentence presents the "unusual circumstances," as contemplated by *Steanhouse* and *Milbourn*, he should be subject to resentencing regardless of MCL 769.34(10). *Steanhouse*, 322 Mich App at 239 n 3; *Milbourn*, 435 Mich at 661.

While what constitutes "unusual circumstances" has not been explicitly defined, several pre-*Lockridge* cases have held that the term necessarily indicates that the presumption of proportionality can only be overcome under rare and exceptional conditions, and these circumstances must be considered in the context of defendant's offenses. See *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992); *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013).

Relying on the same underlying arguments, defendant additionally contends that his sentence constitutes a violation of the guarantee against "cruel and unusual punishment" provided by the United States Constitution and the guarantee against "cruel or unusual punishment" provided by the Michigan Constitution. US Const, Am VIII; Const 1963, art 1, § 16. A proportionate sentence cannot be cruel or unusual under the Michigan Constitution, *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008), and is therefore also not cruel or unusual under the United States Constitution, see *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011).

Thus, whether defendant's sentence presents the "unusual circumstances" contemplated by *Steanhouse* and *Milbourn*, and whether his sentence is constitutionally disproportionate, is dependent on whether defendant can overcome the presumption of proportionality. "[C]onstitutional issues should not be addressed where the case may be decided on nonconstitutional grounds." *People v Riley*, 465 Mich 442, 447; 636 NW2d 514 (2001). "[T]here exists a general presumption by this Court that we will not reach constitutional issues that are not necessary to resolve a case." *Id*. (quotation marks and citation omitted).

In challenging the proportionality of his sentence, defendant asserts that his home invasion offense was not serious enough to justify an imposition of a top-of-guidelines sentence: he had no weapon, left after his family stated they had no money, no property was taken, and no one was injured. The assessment of points for offense variable (OV) 10 accounted for defendant's mother being of an older age, and that his sister uses a wheelchair. See *Smith II*, unpub op at 2. Defendant had an extensive criminal history at the time of the offense, but his prior record and parole status were adequately accounted for in the scoring of PRV 1, PRV 2, PRV 5, and PRV 6. *Id*. at 3. Furthermore, defendant has been diagnosed with severe mental illness (i.e., bipolar disorder and schizophrenia), takes psychotropic medications, and has suffered from a concurrent substance use disorder for several decades. The record suggests that defendant has potential for rehabilitation: defendant was successfully discharged from probation after receiving inpatient mental health treatment in 2011. His mental health deteriorated only after he was later unable to access his psychotropic medications after his application for Supplemental Security Income (SSI) was initially denied and he was unable to afford insurance. During his current incarceration, defendant

participated in the residential treatment program for prisoners who are mentally ill, began attending a substance abuse support group and group therapy meetings, and maintained his sobriety. Since becoming sober and receiving proper and consistent medication in the Michigan Department of Corrections (MDOC), defendant has expressed remorse regarding his behavior at multiple instances and accepted responsibility for his actions.

Regardless, defendant's sentence is considered presumptively proportionate. Defendant's circumstances must be considered in the context of defendant's offenses. *Bowling*, 299 Mich App at 558-559. Defendant has an extensive criminal history, which includes five convictions of felonious assault and one conviction of domestic violence; these convictions include previous instances of assaultive conduct against his family (i.e., the victims in the conduct giving rise to this conviction) and multiple violations of parole. *Smith II*, unpub op at 2-3; see also *People v Schaafsma*, 267 Mich App 184, 185-186; 704 NW2d 115 (2005) ("Putting conduct aside, any probation violation represents an affront to the court and an indication of an offender's callous attitude toward correction and toward the trust the court has granted the probationer.") Defendant's family testified at the initial sentencing of their intense fear of defendant on the basis of the history of violence he had perpetuated against them, and reiterated that sense of fear in their letters sent to the trial court on defendant's resentencing. The guidelines reflect an assessment of 10 points for OV 10 for exploitation of vulnerability of the victims, on the basis of defendant's mother's age and his sister's physical limitations. *Smith II*, unpub op at 2. Furthermore, while the trial court acknowledged defendant's improvements in his physical and mental health, it stated concern regarding defendant's long-term rehabilitation, noting: "I just do not believe that if he is released in, perhaps, seven years, that we're not going to be right back where we are again and this time, unfortunately, somebody may end up dead." This factor is not encompassed in the guidelines. See *Smith II*, unpub op at 2-3. Thus, under *Schrauben* and MCL 769.34(10), there is no basis for resentencing because defendant's sentence was presumptively proportionate.

Defendant additionally asserts that he is entitled to remand for the trial court to explain why defendant's minimum sentence is proportionate. However, while a trial court must articulate its rationale for imposing sentence on the record at the time of sentencing, it is sufficient for the trial court to rely on the sentencing guidelines. See *People v Conley*, 270 Mich App 301, 313; 715 NW2d 377 (2006). The trial court expressly stated that it was sentencing defendant within the guidelines, and that a sentence within the guidelines is presumptively proportional. Therefore, defendant's argument in this regard is without merit.

## B. THE TWO-THIRDS RULE OF TANNER AND MCL 769.34(2)(b)

Defendant claims that his sentence violated the two-thirds rule set forth in *Tanner*, 387 Mich at 689-690, and codified in MCL 769.34(2)(b). We disagree.

This Court applies de novo review to questions of statutory interpretation. *People v Wood*, 326 Mich App 561, 570; 928 NW2d 267 (2018). Our Supreme Court held in *Tanner* that "any sentence which provides for a minimum exceeding two-thirds of the maximum is improper as failing to comply with the indeterminate sentence act." 387 Mich at 690. The Legislature substantially adopted this principle in MCL 769.34(2)(b), which states that a sentencing court "shall not impose a minimum sentence, including a departure, that exceeds two-thirds of the statutory maximum sentence." The Court has repeatedly held that neither the *Tanner* rule, nor

MCL 769.34(2)(b), applies to sentences where the statutory maximum punishment is "life or any term of years." *See People v Powe*, 469 Mich 1032; 679 NW2d 67 (2004); *People v Harper*, 479 Mich 599, 617 n 31; 739 NW2d 523 (2007), *People v Washington*, 489 Mich 871; 795 NW2d 816 (2011), and *People v Floyd*, 490 Mich 901, 902; 804 NW2d 564 (2011).

Defendant does not dispute that because he was sentenced as a habitual fourth offender under MCL 769.12(1)(b), the trial court had the authority to sentence defendant "to imprisonment for life or for a lesser term." MCL 769.12(1)(b). Defendant additionally acknowledges that *Powe* held that the two-thirds rule of MCL 769.34(2)(b) does not apply to offenses for which the statutory maximum is life or any term of years. Defendant specifically argues that our Supreme Court's decision in *Powe* was wrongly decided, and contends that the clear language of MCL 769.34(2)(b) does not provide an exception for offenses for which a life term is a possibility. This Court, however, is bound by stare decisis to follow the decisions of our Supreme Court. *Duncan v Michigan*, 300 Mich App 176, 193; 832 NW2d 761 (2013); *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011). Because defendant was sentenced under MCL 769.12(1)(b), which authorizes a maximum sentence of life or any term of years, both the *Tanner* rule and MCL 769.34(2)(b) are inapplicable to defendant's conviction. *Smith II*, unpub op at 3; *Floyd*, 490 Mich at 902. Therefore, defendant need not be resentenced with regard to the *Tanner* rule or MCL 769.34(2)(b).

## III. CONCLUSION

Defendant's sentence is affirmed under MCL 769.34(10). The *Tanner* rule and MCL 769.34(2)(b) are inapplicable to defendant's conviction.

Affirmed.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Michael F. Gadola