*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

ROBERT GIVENS,

        Defendant-Appellant.

UNPUBLISHED
August 20, 2020

No. 348039
Wayne Circuit Court
LC No. 15-008329-01-FC

Before: REDFORD, P.J., and METER and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right from his August 30, 2018 judgment of sentence, entered after remand by this Court.[1] Defendant was convicted of four counts of assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84; carrying a concealed weapon (CCW), MCL 750.227; possession of a firearm by a felon (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Initially, defendant was sentenced, as a third-offense habitual offender, MCL 769.11, to 8 to 20 years' imprisonment for each of his AWIGBH convictions, 3 to 10 years' imprisonment for his CCW conviction, 3 to 10 years' imprisonment for his felon-in-possession conviction, and two years' imprisonment for his felony-firearm conviction.

Defendant previously appealed as of right his jury trial convictions and sentences. In *People v Givens*, unpublished per curiam opinion of the Court of Appeals, issued October 10, 2017 (Docket No. 331999), pp 9-10, this Court affirmed defendant's convictions, but vacated his sentences, and remanded the matter to the trial court for resentencing, to eliminate the assessment of points for Offense Variable (OV) 4 and OV 10. The trial court, in accordance with this Court's instructions on remand, eliminated the assessment of points for OV 4 and OV 10, and sentenced defendant to 85 months to 20 years' imprisonment for each of his AWIGBH convictions, 3 to 10 years' imprisonment for his CCW conviction, 3 to 10 years' imprisonment for his felon-in-

---

[1] *People v Givens*, unpublished per curiam opinion of the Court of Appeals, issued October 10, 2017 (Docket No. 331999), pp 9-10

possession conviction, and two years' imprisonment for his felony-firearm conviction. Defendant again argues he is entitled to resentencing. We affirm.

## I. DISCUSSION

Defendant concedes the trial court did not err in calculating his sentencing guidelines range. Defendant argues, however, the trial court relied on inaccurate information in determining his sentence and asserts his minimum sentence of 85 months' imprisonment is unreasonable and not proportionate to defendant's AWIGBH convictions. We disagree.

"The trial court's discretionary decisions—including its exercise of sentencing discretion—are reviewed for an abuse of discretion." *People v Odom*, 327 Mich App 297, 303; 933 NW2d 719 (2019). "A trial court abuses its discretion when it selects an outcome that falls outside the range of reasonable and principled outcomes." *Id*. "A trial court abuses its discretion when it imposes a sentence that is not proportional to the seriousness of the circumstances surrounding the offense and the offender." *People v Sabin*, 242 Mich App 656, 661; 620 NW2d 19 (2000).

On remand, in accordance with this Court's instructions, the trial court reassessed OV 4 from 10 points to zero points, and reassessed OV 10 from 15 points to zero points. After defendant's resentencing, defendant's total prior record variable (PRV) score was 42 points, and defendant's corresponding PRV Level remained at Level D. Defendant's total OV score was 70 points, and defendant's corresponding OV Level remained at Level V. Defendant's recommended sentencing guidelines range was 29 months to 85 months as a third-offense habitual offender. MCL 777.21(3)(b); MCL 777.65. Defendant's sentence of 85 months to 20 years' imprisonment was within defendant's recommended guidelines range. Defendant does not argue that the trial court incorrectly calculated his guidelines range. Rather, defendant asserts the trial court relied on inaccurate information in determining his sentence.

As a preliminary matter, "if the sentence is within the appropriate guidelines sentence range, it is only appealable if there was a scoring error or inaccurate information was relied upon in determining the sentence and the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Francisco*, 474 Mich 82, 88-89; 711 NW2d 44 (2006) (citation and quotation marks omitted). "[W]hen a trial court sentences a defendant in reliance upon an inaccurate guidelines range, it does so in reliance upon inaccurate information." *Id*. at 89 n 7. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *Id*. at 89 n 8.

MCL 769.34 governs the sentencing guidelines, which states, in relevant part:

(10) If a minimum sentence is within the appropriate guidelines sentence range, the [C]ourt of [A]ppeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the

issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [MCL 769.34(10).]

"In *Alleyne v United States*, 570 US 99, 116; 133 S Ct 2151; 186 L Ed 2d 314 (2013), the United States Supreme Court determined that, in mandatory sentencing schemes, a criminal defendant's Sixth Amendment rights are violated when he or she is sentenced on the basis of facts that are not found by a jury beyond a reasonable doubt." *Odom*, 327 Mich App at 304. "Acknowledging that *Alleyne* directly implicated our own sentencing regime, in [*People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015)], our Supreme Court severed Michigan's sentencing guidelines, MCL 777.1 *et seq*., to the extent that they were mandatory and [struck] down the requirement of a substantial and compelling reason to depart from the guidelines range . . . ." *Odom*, 327 Mich App at 304 (citation and quotation marks omitted; second alteration in original).

While a trial court must score and consider the sentencing guidelines, the guidelines are now advisory only. See *Lockridge*, 498 Mich at 365. "Notably, *Lockridge* did not alter or diminish MCL 769.34(10)." *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). "Although the Legislature's [sentencing] guidelines are advisory, they 'remain a highly relevant consideration in a trial court's exercise of [its] sentencing discretion.' " *Odom*, 327 Mich App at 314-15 (second alteration in original), quoting *Lockridge*, 498 Mich at 391. Because *Lockridge* did not alter the continued validity of MCL 769.34(10), this Court must affirm a sentence that falls within the recommended sentencing guidelines range, absent an error in scoring or reliance on inaccurate information. *Schrauben*, 314 Mich App at 196 n 1.

## A. INACCURATE INFORMATION

Defendant asserts the trial court relied on inaccurate information in determining his sentence, because the trial court failed to adequately consider defendant's background. Specifically, defendant asserts the trial court failed to consider defendant's demonstrated remorse, or acknowledge defendant's good in-custody behavior, letters of support from family members, and potential for rehabilitation. In addition, defendant relies on Kevin Davis, *The Brain Defense* (New York: Penguin Press, 2017), p 278, to argue his sentence makes it difficult for him to address the underlying causes of his actions, and extends beyond what is needed to deter others. Defendant suggests the trial court was required to consider defendant's listed contentions as mitigating factors. We disagree.

At defendant's sentencing hearing, the trial court specifically stated it appreciated defendant's statement of remorse. Thus, defendant's assertion—that the trial court failed to consider defendant's demonstrated remorse—is incorrect. Also, unlike the precedential effect of published opinions, MCR 7.215(C)(2), books and treatises are not binding authority. Regardless, defendant fails to show his sentence was based on inaccurate information through the trial court's alleged failure to consider any of the factors raised by defendant on appeal. Defendant's argument lacks merit because "the trial court was not required to consider such mitigating factors when it sentenced him[,]" and "there is no requirement for a trial court to conduct a detailed assessment of defendant's rehabilitative potential[.]" *People v Johnson*, 309 Mich App 22, 34-35; 866 NW2d 883 (2015), vacated in part on other grounds 497 Mich 1042 (2015).

## B. PROPORTIONALITY

Defendant also asserts his minimum sentence of 85 months' imprisonment is unreasonable and not proportionate to his AWIGBH offenses, even though it is within the recommended guidelines range. Defendant argues the trial court failed to explain why defendant's 2018 minimum sentence was proportionally higher than his 2016 minimum sentence. Specifically, defendant contends his 2018 sentence should have been 96% of his maximum guideline minimum range, just as his 2016 sentence represented 96% of his maximum guideline minimum range. We disagree.

"[S]entences imposed by a trial court must be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019) (citation and quotation marks omitted).

> Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:
>
> > (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Id*. at 126, quoting *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017).]

A sentence within the guidelines range is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (citation and quotation marks omitted). "If a defendant or his attorney believes that unusual circumstances exist so that a sentence within the guidelines range would not be proportionate, then those circumstances should be presented to the sentencing judge in open court before sentencing so that the judge may consider them. If this is not done, then the issue that a sentence that is within the guidelines range violates the principle of proportionality may not be raised on appeal." *People v Sharp*, 192 Mich App 501, 505-506; 481 NW2d 773 (1992).

At defendant's sentencing hearing, defense counsel stated he reviewed defendant's presentence investigation report (PSIR), and that no corrections needed to be made. Defendant acknowledged his recommended guidelines range of 29 months to 85 months was accurate. Defendant failed to argue that his demonstrated remorse, in-custody good behavior, and letters of support from family members, constituted "unusual circumstance[s]" sufficient to "render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Thus, defendant failed to present any unusual circumstances at sentencing to overcome the presumption of proportionality. *Sharp*, 192 Mich App at 505-506. In the absence of any unusual circumstances advanced by defendant in the trial court, and considering defendant's sentence falls within the guidelines range, defendant is not entitled to resentencing.

Nonetheless, defendant asserts his August 2018 sentence, which was within his sentencing guidelines range, should have been equivalent to the proportion of his sentence within his February 2016 guidelines range. Defendant contends that because the proportion was higher in his 2018 sentence, his sentence was disproportionate. Again, defendant's sentence was not a departure from the applicable guidelines range. Having failed to present unusual circumstances, defendant suggests his sentence is reviewable for reasonableness because of the proportionate discrepancy between his original and current sentences. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Odom,* 327 Mich App at 305 (citation and quotation marks omitted). However, because defendant's sentence falls within the applicable guidelines range and does not involve a departure, it is presumptively proportionate, *Powell*, 278 Mich App at 323, precluding the necessity of this Court's review of defendant's sentence for reasonableness, *Odom,* 327 Mich App at 305.

## C. OTHER ISSUES

Next, defendant asserts that neither *Schrauben*, nor any other published decision of this Court, addresses whether MCL 769.34(10) survives our Supreme Court's ruling in *Lockridge*. Defendant is incorrect. This Court specifically stated that *Lockridge* did not alter the continued validity of MCL 769.34(10). *Schrauben*, 314 Mich App at 196 n 1 ("Notably, *Lockridge* did not alter or diminish MCL 769.34(10) . . . ."). Published opinions "of the Court of Appeals [have] precedential effect under the rule of stare decisis." MCR 7.215(C)(2). "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule." MCR 7.215(J)(1). Therefore, defendant's assertion regarding the invalidity of MCL 769.34(10) lacks merit.

Defendant also suggests the standard of review used when evaluating a sentence should instead be the standard of review applicable to departure sentences. Defendant's argument is merely a reconfiguration of his contention that MCL 769.34(10) should be disregarded and all sentences subject to a reasonableness standard of review.

"The trial court's discretionary decisions—including its exercise of sentencing discretion—are reviewed for an abuse of discretion." *Odom*, 327 Mich App at 303 (citations omitted). In contrast, "[t]his Court reviews an out-of-guidelines sentence for reasonableness." *Lampe*, 327 Mich App at 125. Defendant's sentence was not a departure sentence, and thus, the applicable standard of review is for an abuse of discretion. This Court declines to adopt defendant's suggestion to depart from binding precedent.

Affirmed.

/s/ James Robert Redford
/s/ Patrick M. Meter
/s/ Colleen A. O'Brien