PEOPLE v MAXSON

Docket No. 100129. Submitted September 9, 1987, at Lansing. Decided
October 5, 1987. Leave to appeal applied for.

John K. Maxson pled guilty in the Jackson Circuit Court to
assault with intent to commit criminal sexual conduct involv-
ing penetration. He was placed on five years probation. Subse-
quently, defendant pled guilty to one count of operating a
motor vehicle while under the influence of intoxicating liquor,
third offense. As a result of his OUIL-third offense conviction,
defendant was charged with probation violation, to which he
pled guilty. The trial court, Gordon W. Britten, J., thereafter
revoked defendant's probation and sentenced defendant to from
two to five years in prison. After the sentencing hearing, the
sentence was changed by the trial court to a term of from two
to ten years in prison. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's argument that his conviction for OUIL-third
offense was improper because it was based upon a former
conviction allegedly obtained without the benefit of counsel is
without merit. It is not proper for defendant to collaterally
attack the propriety of his OUIL-third offense conviction in the
instant proceeding involving his probation violation on the CSC
conviction. In addition, his conviction for OUIL-second offense
could form the basis for a probation violation.

2. The maximum sentence for a probation violation is neces-
sarily the same as the maximum sentence for the underlying
offense.

3. In all indeterminate sentences, the court sets the mini-
mum term within its discretion and then must set the maxi-
mum term as set by statute. A misstatement at the time of
sentencing by the trial court of the maximum sentence may be
legally corrected by an order nunc pro tunc since the fixing of a

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*; 567 *et seq.*

Appealability of order suspending imposition or execution of sen-
tence. 51 ALR4th 939.

See also the annotations in the Index to Annotations under Sen-
tence and Punishment.

maximum term in such a case is nondiscretional and is merely a ministerial act to comply with the statute. It was appropriate here for the trial court to change defendant's maximum sentence to the statutorily required ten years imprisonment.

4. Defendant's challenges to the presentence report were not preserved for appeal.

Affirmed.

1. CRIMINAL LAW — PROBATION — PROBATION VIOLATIONS.

A defendant who is charged with probation violation as a result of a criminal conviction subsequent to being placed on probation may not collaterally attack the propriety of the conviction which formed the basis for the finding of a probation violation in the proceedings on the probation violation.

2. CRIMINAL LAW — SENTENCING — PROBATION — PROBATION VIOLATIONS.

The maximum sentence which may be imposed for a probation violation is the same as the maximum sentence for the underlying offense for which the probation was originally imposed (MCL 771.4; MSA 28.1134).

3. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES — MAXIMUM SENTENCE — MISSTATEMENT OF MAXIMUM SENTENCE.

A trial court shall set the minimum length of an indeterminate sentence within its discretion and then must state the maximum sentence as set by statute; the setting of such a maximum sentence being nondiscretional and merely a ministerial act, a misstatement of the maximum sentence at the time of sentencing by the trial court may be legally corrected by an order nunc pro tunc.

4. APPEAL — PRESERVING QUESTION.

Failure to raise objections to the accuracy of a presentence report at the time of sentencing does not preserve challenges to the report for appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*John B. Payne, Jr.,* for defendant.

Before: D. F. WALSH, P.J., and SAWYER and WEAVER, JJ.

SAWYER, J. Defendant originally pled guilty to one count of assault with intent to commit criminal sexual conduct involving penetration. MCL 750.520g(1); MSA 28.788(7)(1). He was thereafter placed on five years probation. Subsequently, defendant pled guilty to one count of operating a motor vehicle while under the influence of intoxicating liquor, third offense. As a result of his OUIL-third offense conviction, defendant was charged with the instant offense of probation violation, to which he pled guilty. Following his guilty plea on the probation violation, the trial court sentenced defendant to a term of two to five years in prison. After the sentencing hearing, the sentence was changed by the trial court to a term of two to ten years in prison. Defendant now appeals and we affirm.

Defendant first argues that his conviction for OUIL-third offense was improper because it was based upon a former conviction allegedly obtained without the benefit of counsel, namely a 1984 plea-based conviction of unlawful blood alcohol level. We conclude that, even accepting as true the fact that the former conviction was obtained without the benefit of counsel, defendant's argument is without merit.

The defect in defendant's argument is twofold. First, defendant fails to fully recognize that the instant case involves his probation violation on the CSC charge, not his conviction for OUIL-third offense. The conviction for OUIL-third offense merely provides the basis for the probation violation. We do not believe it appropriate for defendant to collaterally attack the propriety of his OUIL-third offense conviction in the instant proceeding. Defendant had the opportunity in the OUIL-third offense proceeding to attack the propriety of charging him under the OUIL-third offense provision, rather than

the OUIL-second offense provision, because of the prior conviction allegedly obtained without the benefit of counsel. See *People v Clements,* 72 Mich App 500, 503-504; 250 NW2d 100 (1976). Second, it is immaterial to the instant proceeding whether defendant was, in fact, guilty of OUIL-second offense or OUIL-third offense. Even assuming that defendant could successfully challenge his OUIL-third offense conviction, because of the prior conviction obtained without the benefit of counsel, the result would be that defendant could only be convicted of OUIL-second offense. Defendant presents no argument, nor are we aware of any viable argument, for the proposition that an OUIL-second offense conviction could not form the basis for a probation violation. Accordingly, defendant's argument on this issue is without merit.

Defendant next argues that a maximum sentence of five years for probation violation is valid even if the original charge carries a ten-year maximum. In essence, defendant is advancing the question of whether a ministerial correction to the maximum sentence imposed by the trial court was necessary or appropriate. This raises a question which appears to be one of first impression, namely, whether the maximum sentence for a probation violation is necessarily the same as the maximum sentence for the underlying offense. We conclude that it is. The probation statute provides that, when a probation is terminated or revoked, "the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." MCL 771.4; MSA 28.1134. In light of this language, we conclude that the sentence to be imposed upon a probation violation must be in accordance with the permissible sentence for the underlying offense itself.

In all indeterminate sentences, the court sets the minimum term within its discretion and then must state the maximum term as set by statute. *People v Walton,* 17 Mich App 687, 691; 170 NW2d 315 (1969). Since the fixing of a maximum term in such a case is nondiscretional and is merely a ministerial act to comply with the statute, a misstatement at the time of sentencing by the trial court of the maximum sentence may be legally corrected by an order nunc pro tunc. *Id.* Thus, we conclude that the appropriate maximum sentence in the case at bar is that provided for by statute for assault with intent to commit criminal sexual conduct involving penetration, which was the underlying offense. The Legislature has fixed the maximum sentence for such an offense at ten years in prison. MCL 750.520g; MSA 28.788(7). Accordingly, the sentence stated by the trial court at the sentencing hearing, two to five years in prison, was invalid as it failed to correctly state the statutory maximum sentence of ten years. Similarly, since the fixing of a maximum sentence is a ministerial act, it was appropriate for the court to change the maximum sentence on the judgment of sentence from the previously stated five years to the statutorily required ten years. Accordingly, defendant's arguments on this issue are without merit.

Defendant next challenges the accuracy of the presentence report. The alleged inaccuracy in the presentence report is that it indicates that he was convicted of OUIL-third offense which, as discussed above, defendant now challenges because of the prior conviction obtained without the benefit of counsel. However, defendant raised no objections to the accuracy of the presentence report at the time of sentencing and, therefore, this issue has not been preserved for appeal. *People v Herndon,*

98 Mich App 668; 296 NW2d 333 (1980). Similarly, defendant's challenge to the presentence report's not clearly reflecting the nonviolent nature of the underlying offense has not been properly preserved for appeal.[1]

Affirmed.

---

[1] We similarly reject defendant's argument that it is sufficient to raise objections to the presentence report for the first time in a motion for resentencing in the trial court after the sentence on the probation violation. Defendant's objections should have been raised at the initial sentencing on the offense. Moreover, even if preserved, defendant's argument is without merit. First, he did finally raise the issue and the trial court indicated that the statements in the presentence report were supported by the preliminary examination testimony. Second, and more importantly, his underlying plea admits a violent offense since assault with intent to commit CSC involving penetration necessarily involves an assault, which is a violent act. See *People v Worrell*, 417 Mich 617; 340 NW2d 612 (1983). Accordingly, resentencing is unnecessary.