PEOPLE v SHARP

Docket No. 127481. Submitted September 5, 1991, at Lansing. Decided January 21, 1992, at 9:30 A.M. Leave to appeal sought.

Dwayne R. Sharp pleaded guilty in the Ingham Circuit Court, Lawrence M. Glazer, J., of assault with intent to do great bodily harm less than murder and of felonious assault and was sentenced to concurrent prison terms of 6 to 10 years for the conviction of assault with intent to do great bodily harm less than murder and 2½ to 4 years for the felonious assault conviction, with credit on each sentence for 155 days for time served. He appealed, claiming that the court erred in denying his motion for resentencing or an evidentiary hearing on alleged inaccuracies in the presentence investigation report with respect to provocation by the victims. The defendant also claimed that the sentences were disproportionate to the offenses.

The Court of Appeals *held:*

1. The defendant failed to preserve the issue of inaccuracies in the presentence investigation report for appellate review by not raising the issue before or at the time of sentencing.

2. Because the sentence for the conviction of assault with intent to do great bodily harm less than murder was within the range recommended by the sentencing guidelines and the defendant did not cite any unusual circumstances that would render imposition of that sentence an abuse of discretion, the sentence was proportionate to the offense for which it was imposed.

3. The sentence for the felonious assault conviction does not violate the rule announced in *People v Tanner,* 387 Mich 683 (1972), that the minimum term of an indeterminate sentence must be less than two-thirds of the maximum term. Also, the claim that this sentence is disproportionate to the offense for which it was imposed need not be addressed in light of the affirmance of the longer sentence for the other conviction.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error § 545; Criminal Law § 527.

See the Index to Annotations under Sentence and Punishment.

MARILYN KELLY, J., dissenting in part, stated that a defendant can challenge the accuracy of a presentence report through a motion for resentencing even if the issue was not raised at the original sentencing, that the defendant did not waive appellate review of the claimed inaccuracies in the presentence investigation report, and that the sentences should be affirmed but the case remanded for deletion of any statements indicating that the defendant's attacks were unprovoked inasmuch as the trial court did not rely on those statements in imposing sentence.

SENTENCES — PRESENTENCE INVESTIGATION REPORTS — APPEAL.

A defendant must raise alleged inaccuracies in a presentence investigation report before or at the time of sentencing in order to preserve the issue for appellate review (MCL 771.14[5]; MSA 18.1144[5]; MCR 6.425[D][2][b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Samuel R. Smith,* Chief Appellate Attorney, for the people.

*James D. Lovewell,* for the defendant on appeal.

Before: DANHOF, C.J., and SHEPHERD and MARILYN KELLY, JJ.

DANHOF, C.J. Defendant pleaded guilty of assault with intent to do great bodily harm less than murder (GBH), MCL 750.84; MSA 28.279, and assault while armed with a dangerous weapon (felonious assault), MCL 750.82; MSA 28.277. In exchange for his pleas, two counts of assault with intent to commit murder were dismissed, MCL 750.83; MSA 28.278. His convictions were based on his involvement in a fight in downtown East Lansing between two groups of young men, during which defendant, seventeen years of age, stabbed two men several times.

On March 14, 1990, defendant was sentenced to concurrent terms of 6 to 10 years for the GBH conviction, 2½ to 4 years for the felonious assault

conviction, and was given credit on each sentence for 155 days for time served. Defendant appeals his sentences as of right, and we affirm.

Defendant's first claim is that the sentencing judge failed to respond to defendant's challenges to the accuracy of various statements contained in the presentence investigation report (PSR) indicating that the victims were attacked for no reason whatsoever. Defendant first raised the issue at the postsentencing hearing on his motion for a withdrawal of the pleas,[1] a resentencing, or an evidentiary hearing. However, the judge declined to grant either resentencing or an evidentiary hearing on the provocation issue on the ground that defendant and defense counsel were afforded an opportunity to challenge the accuracy of the PSR at sentencing, but had not done so.

We note, and defendant does not dispute, that at sentencing neither defendant nor defense counsel indicated any objection to the accuracy of the PSR information, which included the now-disputed statements of two victims and a member of defendant's group at the time the crime occurred, as well as a victim impact statement from the parents of one of the victims.[2] Attempting to mitigate defendant's crime, defense counsel noted that according to defendant's version of events, the victims and other members of their party taunted defendant's party before the stabbings. However, counsel went on to concede that such actions by the victims did not excuse defendant's crimes. After the prosecutor responded that the victims denied engaging in any provocation, defendant

[1] The motion for withdrawal of the guilty pleas was abandoned at the hearing without being argued by counsel or ruled on by the judge. Defendant does not raise on appeal any issue with regard to withdrawal of his guilty pleas.

[2] Although defendant did not attach the PSR to his brief as claimed, the contents of the disputed statements are set forth in his brief.

stated that he had commenced the attack in re-
sponse to his friends' yells for help and had done
what he thought necessary to free his friends and
"get me home." But at no time during sentencing
did the defense specifically challenge the accuracy
of the victims' version of events; to the contrary,
the defense specifically voiced its lack of objection
to the accuracy of the PSR.

In imposing sentence, the judge simply noted
that even if the victims had conducted themselves
in the manner described by defendant, there was
no evidence that defendant was attacked with a
weapon or put in fear such that he had a legal
excuse for the stabbings.

We find that defendant failed to preserve this
issue and therefore decline to review it. In the
plain language of the presentence investigation
report statute, MCL 771.14(5); MSA 28.1144(5),
"*[a]t the time of sentencing,* either party may
challenge, on the record, the accuracy or relevancy
of any information contained in the presentence
investigation report." (Emphasis added.) MCR
6.425(D)(2)(b) contains essentially the same lan-
guage.

Here, defendant did not raise the issue until
after sentencing. He cites *People v Walker,* 428
Mich 261; 407 NW2d 367 (1987), as authority
allowing postsentencing preservation of issues of
PSR accuracy. Although *Walker* allows challenges
to be preserved through posttrial proceedings, that
case pertains to challenges to scoring of the sen-
tencing guidelines. We decline to extend the rules
underlying challenges to scoring decisions to chal-
lenges to the accuracy of PSR information in light
of the statutory language quoted above. See also
*People v Maxson,* 163 Mich App 467, 472, n 1; 415
NW2d 247 (1987).

To follow defendant's preferred course would in

essence require sentencing judges to try guilty plea cases in postsentencing proceedings whenever a defendant disputes a victim's version of events. This we decline to do absent compelling authority.

Defendant also contends that the sentences imposed are disproportionate and that he is entitled to resentencing under *People v Milbourn,* 435 Mich 630, 635-636; 461 NW2d 1 (1990), which was released after defendant was sentenced and had filed his claim of appeal. However, the sentence imposed for the GBH conviction, i.e., the greater conviction for which guidelines were scored, was within the guidelines range of thirty-six to eighty months, albeit toward the high end of that range.

We review this case under the *Milbourn* principle of proportionality rather than the pre-*Milbourn* "shocks the conscience" standard set forth in *People v Coles,* 417 Mich 523, 550; 339 NW2d 400 (1983). Defendant's appeal was pending, although he had not yet filed a brief, at the time *Milbourn* was released. *Milbourn,* 669-670.

Under *Milbourn,* "even a sentence within the guidelines could be an abuse of discretion *in unusual circumstances.*" (Emphasis added.) *Id.,* 661; *People v Broden,* 428 Mich 343, 354, n 18; 408 NW2d 789 (1987). Black's Law Dictionary defines "unusual" as "[u]ncommon, not usual, rare." We note the absence of unusual circumstances advanced by defendant on appeal or on the record of proceedings below and therefore hold that defendant's sentence, falling within the sentencing guidelines range, satisfies the principle of proportionality.

If a defendant or his attorney believes that unusual circumstances exist so that a sentence within the guidelines range would not be proportionate, then those circumstances should be presented to the sentencing judge in open court before

sentencing so that the judge may consider them. If this is not done, then the issue that a sentence that is within the guidelines range violates the principle of proportionality may not be raised on appeal.

Finally, we note that the sentence imposed for defendant's felonious assault conviction is shorter than the longest minimum sentence allowed under the two-thirds rule of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).[3] Therefore, no *Tanner* violation occurred in the imposition of sentence. Defendant also claims that the sentence of 2½ to 4 years imposed for his felonious assault conviction violates the principle of proportionality. Even if we were to hold that the felonious assault sentence was disproportionate, such a decision would afford defendant no relief in view of our affirmance of the longer sentence.

Affirmed.

Shepherd, J., concurred.

Marilyn Kelly, J. *(concurring in part and dissenting in part).* I concur in part and dissent in part.

Although defendant's sentence should be affirmed, I would remand to strike any suggestion in the presentence report that defendant's attack was not provoked. Moreover, I disagree with the new waiver rules created by the majority regarding challenges to inaccurate presentence reports and to disproportionate sentences.

At the guilty plea proceeding, after defendant pled guilty, defense counsel informed the court that the victims in the case may have taunted

---

[3] Because the felonious assault conviction carried the lesser possible penalty, the guidelines were scored only for the greater conviction of GBH.

defendant prior to the stabbings. Defense counsel also stated that defendant had decided not to pursue a theory of self-defense, because the victims had not used deadly force.

The probation department then prepared a presentence investigation report (PSIR) to be used by the judge in fashioning a sentence. The report contained comments by the victims suggesting that defendant and his friends started the fight for no apparent reason. In a letter attached to the report, one victim contended that the attack was not provoked. The report also contained a section relating defendant's version of the offense. Defendant asserted that the victims initiated the confrontation by shouting obscenities at him and at his friends. Defendant further asserted that he entered the fight only to save his two fifteen- or sixteen-year-old friends from the older, intoxicated college students.

At sentencing, defense counsel indicated that he and defendant had checked the presentence report for accuracy. Aside from several inconsequential changes, both defense counsel and defendant initially told the judge that they had no further factual challenges or corrections. However, during allocution, defense counsel urged the judge to consider as a mitigating factor that the victims had taunted defendant. The prosecutor retorted that the victims denied any provocation.

Although the trial judge recognized that a factual dispute existed regarding provocation, he opted not to resolve it. Rather, he concluded that, even if there were verbal provocation, it did not mitigate the severity of the crime. The judge noted that the victims never attacked defendant with a deadly weapon or put him in fear, and therefore, he had no excuse to stab them.

It's true that the amount of provocation is at issue, but I have not heard anyone claim that Mr. Sharp was being attacked with a deadly weapon or was put into fear, and there is simply no excuse whatsoever to stab these young men.

Defendant contends that the trial court should have either granted his motion for resentencing or ordered an evidentiary hearing to resolve the conflicting stories over his alleged verbal provocation. MCR 6.425(D)(3) provides:

If any information in the presentence report is challenged, the court must make a finding with respect to the challenge or determine that a finding is unnecessary because it will not take the challenged information into account in sentencing. If the court finds merit in the challenge or determines that it will not take the challenged information into account in sentencing, it must direct the probation officer to

(a) correct or delete the challenged information in the report, whichever is appropriate, and

(b) provide defendant's lawyer with an opportunity to review the corrected report before it is sent to the Department of Corrections.

In this case, the sentencing judge determined that it made no difference whether the victims verbally provoked defendant. Accordingly, there was no need for him to make a finding of fact, order an evidentiary hearing or grant defendant's motion for resentencing. However, since the court did not take the disputed information into account in sentencing, any reference to an unprovoked attack should have been deleted from the presentence report. MCR 6.425(D)(3); *People v Swartz,* 171 Mich App 364, 379-381; 429 NW2d 905 (1988).

The majority holds that a defendant cannot challenge the accuracy of a presentence report at

a motion for resentencing if he did not raise the issue at the original sentencing. I disagree.

First, our Supreme Court unanimously held in *People v Walker*[1] that a defendant may challenge the scoring of the sentencing guidelines for the first time (1) at sentencing; (2) at a timely motion for resentencing; or (3) at a timely motion in this Court to remand for resentencing. Although *Walker* involved a challenge to the sentencing information report (SIR), rather than the PSIR, the Court suggested that the two should be treated the same. For example, the Court stated that "the trial court shall resolve [a challenge to the guidelines] in the same fashion that it resolves any other dispute concerning the accuracy of information to be considered at sentencing." *Id.,* 267. It is unlikely that the Supreme Court would treat resolution of challenges to the PSIR and the SIR the same, yet establish different preservation requirements.

Second, this Court has indicated on several occasions that challenges to the accuracy of information in the PSIR may be raised either at sentencing or at a motion for resentencing. For example, in *People v Puckett*[2] we applied the *Walker* preservation requirements to a case involving a challenge to alleged inaccuracies in a PSIR. Also see *People v Wiggins,* 151 Mich App 622, 625-626; 390 NW2d 740 (1986), and *People v Baldwin,* 130 Mich App 653, 655; 344 NW2d 37 (1983). But see dicta in *People v Maxson,* 163 Mich App 467, 472, n 1; 415 NW2d 247 (1987).

Third, it is well settled that the use of inaccurate information at sentencing may violate defendant's right to due process. US Const, Am XIV; Const 1963, art 1, § 17; *People v Hoyt,* 185 Mich

[1] 428 Mich 261, 266; 407 NW2d 367 (1987).
[2] 178 Mich App 224, 226-227; 443 NW2d 470 (1989).

App 531, 533; 462 NW2d 793 (1990), and cases
cited therein. Given the constitutional magnitude
of challenges to the PSIR, this Court should not
casually find them waived, especially when raised
in the trial court through a timely motion for
resentencing. See *People v Bettistea*, 173 Mich
App 106, 129; 434 NW2d 138 (1988). The majority
position does not so much as provide for review in
cases where failure to do so would result in a
miscarriage of justice. See *People v Weatherspoon*,
171 Mich App 549, 557; 431 NW2d 75 (1988).

The majority relies on MCL 771.14(5); MSA
28.1144(5) as its reason not to "extend" the *Walker*
rule to challenges to the accuracy of presentence
reports. However, the statute merely provides that
a party "may challenge, on the record, the accu-
racy or relevancy of any information contained in
the presentence information report" at sentencing.
See also MCR 6.425(D)(2)(b). It does not state that
defendant is precluded from challenging informa-
tion in the PSIR for the first time at a motion for
resentencing; it does not state that a challenge
"must" be raised at sentencing. In contrast, MCR
2.516(C) requires a specific objection to the court's
jury instruction before the jury retires for deliber-
ations in order to preserve alleged instructional
error for appeal.

The majority also is concerned that guilty plea
cases will be "tried" at postsentencing hearings.
However, where defendant has already pled guilty,
no facts remain to be determined other than those
contained in the presentence report. Moreover,
where, as here, the trial court determines that the
challenged information has no bearing on the
sentence, an evidentiary hearing is not required.
MCR 6.425(D)(3); *Swartz*, 379-381.

The application of the majority's new waiver
rule to this case is particularly troubling. Here,

during each court appearance, defendant stated
that he had been verbally taunted by the victims
before the fight. It is obvious that defendant did
not concoct the story about being taunted after
and in reaction to his sentence. To require defen-
dant at sentencing to use the magic words "I
challenge that statement" in order to preserve an
issue for a hearing on resentencing, elevates form
over substance.

Lastly, I disagree with the majority's dicta that
would preclude a criminal defendant from raising
mitigating factors to show a disproportionate sen-
tence after allocution. The PSIR or trial record may
reveal mitigating circumstances that trial counsel
did not verbalize during allocution. Often trial
counsel will not raise every possible mitigating
factor at sentencing, knowing the trial judge's
familiarity with the case. In this and other situa-
tions, defendant should not be barred from raising
mitigating factors for the first time in a motion for
resentencing before the trial court; and we should
not be precluded from considering them on appeal.

The sentences should be affirmed but the case
remanded for correction of the presentence report.