*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 19, 2024

Plaintiff-Appellee,

v

No. 366985
Ingham Circuit Court
LC No. 19-000528-FC

BRANQUELL SAYMAN-ANTHONY BATES,

Defendant-Appellant.

Before: PATEL, P.J., and YATES and SHAPIRO,* JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] Defendant was originally sentenced, as a second-offense habitual offender, MCL 769.10, to 5 to 15 years' imprisonment for his AWIGBH conviction and to two years' imprisonment for his felony-firearm conviction. Defendant appealed his convictions and sentence.[2] This Court affirmed defendant's convictions, but vacated his sentence for AWIGBH and remanded for resentencing because the trial court improperly assessed points for offense variable (OV) 12.[3] On remand, the trial court sentenced

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] Defendant was acquitted of assault with intent to murder, MCL 750.83, discharging a weapon from a vehicle, MCL 750.234a(1)(a), and a count of felony-firearm.

[2] This case was consolidated with another lower court matter for trial and the initial appeal. In the other lower court matter, defendant appealed as of right his jury trial convictions for carrying a concealed weapon in a vehicle occupied by defendant, MCL 750.227(2), felon in possession of a firearm, MCL 750.224f, and felony-firearm.

[3] *People v Bates*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2022 (Docket Nos. 355125; 355126).

defendant as a second-offense habitual offender to 40 to 180 months' imprisonment for his AWIGBH conviction.[4] Defendant appeals as of right the amended judgment of sentence, arguing that the sentence is unreasonable and disproportionate. We affirm.

## I. BACKGROUND

In its previous opinion, this Court provided the factual background for defendant's convictions:

> This case arises from a shooting that took place outside of a Speedway gas station. Around midnight on December 25, 2018, the victim, Mark Studier, was driving to the Speedway to cash lottery tickets. While switching lanes, Studier testified that he "almost sideswiped or came too close" to a car in which defendant was a passenger. Studier pulled into Speedway and parked next to a pump. The car in which defendant was riding as a passenger followed Studier into the lot, parking at the pump behind Studier. The two exited their cars, and, according to Studier, defendant told Studier that Studier had cut him off. Defendant followed Studier into the Speedway, and the two continued to argue.

> According to Ronald Howe, the cashier clerk for Speedway, Studier said to defendant, "What are you going to do, what are you going to do? Are you going to shoot? Are you going to shoot?" Howe testified that defendant responded, "What did you say?" In response, Studier again asked defendant if defendant was "going to shoot." Defendant replied, "You want me to? You want me to?" Studier replied, "I don't see no gun in your waistband." Defendant said, "I got you," and he walked out of the store without buying anything. Studier testified that, during this exchange, defendant "lifted up his shirt toward" Studier, which Studier interpreted to mean that defendant had a gun. Howe could not recall defendant lifting his shirt and could not recall seeing a weapon in defendant's possession.

> After defendant left the Speedway store, Studier finished cashing his lottery tickets and walked back to his car. As Studier was pulling out of Speedway, he "heard some gunshots" from behind him. Studier accelerated, turning left at an intersection. He heard a second gunshot. Studier indicated that this gunshot pierced his back window and struck directly behind his driver's seat. After ensuring he was a safe distance away and that no one was following him, Studier called 911. [*People v Bates*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2022 (Docket Nos. 355125; 355126), p 2.]

At resentencing, the trial court corrected its error in assessing points for OV 12. Defendant's new sentencing guidelines placed him in prior record variable level E and OV level

---

[4] At the time of resentencing, defendant had completed his sentence of two years' imprisonment for his felony-firearm conviction.

III with a minimum sentence of 19 to 47 months. The court sentenced defendant to 40 to 180 months' imprisonment. This appeal followed.

## II. ANALYSIS

Defendant argues while his minimum sentence of 40 months is within the applicable sentencing guidelines range, it is disproportional and unreasonable. We disagree.

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id*., citing *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "[W]ithin-guidelines sentences are to be reviewed for reasonableness[.]" *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (Opinion by BOLDEN, J.). "[T]he key to reasonableness review is whether the sentence is proportionate." *Id*. Thus, "the proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1999), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A proportionate sentence considers "the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *Boykin*, 510 Mich at 183.

"When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Posey*, 512 Mich at 360. To overcome that presumption, "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate." *Id*. at 359. A defendant may overcome the presumptive proportionality of a within-guidelines sentence by "present[ing] unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (cleaned up); see also *Milbourn*, 435 Mich at 636 ("Conceivably, even a sentence within the sentencing guidelines could be an abuse of discretion in unusual circumstances."). "Unusual" means "uncommon, not usual, rare." *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992) (cleaned up).

In this case, it is undisputed that the applicable guidelines range was 19 to 47 months, and the trial court sentenced defendant to a minimum term of 40 months, which is within the guidelines range. Therefore, defendant's sentence is presumptively proportionate. *Posey*, 512 Mich at 360. Defendant argues that his sentence was unreasonable and disproportionate because he obtained his General Educational Development certification and completed classes in substance abuse, domestic violence, and restorative justice while incarcerated. Defendant further argues that he is in the lowest security class for his discharge date and has only received four misconduct tickets while incarcerated. The record reflects that the trial court balanced defendant's progress in prison and his potential for rehabilitation against the seriousness of the offense and his affinity for firearms. The trial court determined that the protection of society and deterrence weighed against defendant's potentional for rehabilitation. Although defendant's sentence was on the high end of his minimum guidelines range, defendant bears the burden of demonstrating that his within-

guidelines sentence is unreasonable or disproportionate. See *Posey*, 512 Mich at 357. Defendant has failed to meet his burden. Accordingly, defendant is not entitled to resentencing.

Affirmed.

/s/ Sima G. Patel
/s/ Christopher P. Yates
/s/ Douglas B. Shapiro