*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL LEVI HUGHES,

Defendant-Appellant.

UNPUBLISHED
November 12, 2024
3:10 PM

No. 368444
Ottawa Circuit Court
LC No. 23-045905-FH

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant was granted leave to appeal[1] his within guidelines sentence of 16 to 24 months' imprisonment for assaulting, battering, resisting, obstructing, or endangering a person who was performing his or her duties (resisting a police officer), MCL 750.81d(1). Defendant contends that his sentence was not proportionate to the nature of his offense and his status as an offender and that he is, therefore, entitled to resentencing under *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023) (opinion by BOLDEN, J). We affirm.

This Court reviews all sentences for reasonableness. *Posey*, 512 Mich at 326. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion" by imposing a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (quotation marks and citation omitted). See also *Graham v Florida*, 560 US 48, 59; 130 S Ct 2011; 176 L Ed 2d 825 (2010).

Defendant is not entitled to resentencing. When a sentence is within properly-scored guidelines, as is defendant's, there is a nonbinding, rebuttable presumption that the sentence is proportionate. *Posey*, 512 Mich at 359. The defendant bears the burden of demonstrating that his presumptively proportionate within-guidelines sentence is unreasonable or disproportionate by

---

[1] *People v Hughes*, unpublished order of the Court of Appeals, entered December 14, 2023 (Docket No. 368444).

"present[ing] unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013) (quotation marks and citation omitted). "Unusual" means "uncommon, not usual, rare." *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992) (quotation marks, citation, and brackets omitted).

Here the statutory maximum sentence for defendant's offense is a term of two years' imprisonment. See MCL 750.81d(1). Defendant's minimum sentencing guidelines range was a Level III-E, which corresponded to a recommended minimum sentence of 5 to 23 months of imprisonment. Defendant's sentence of 16 to 24 months in prison is within the guidelines range and presumptively proportionate.

Defendant ostensibly argues that his sentence was disproportionate because the sentence was not individualized to him, a person suffering from alcohol addiction, or his offense. He suggests that his offense was not particularly egregious because he was "simply running from the police because he was intoxicated and making bad decisions." Defendant does not identify what general principles he believes the trial court based his sentence upon, if not individual ones. And, the record shows that the court did consider defendant's individual circumstances.

Although a trial court is not required to consider substance-abuse issues when imposing a sentence, *People v Johnson*, 309 Mich App 22, 34; 866 NW2d 883 (2015), vacated in part on other grounds 497 Mich 1042 (2015), the record indicates that the trial court did consider defendant's individual history of alcohol abuse, as well as the specific circumstances of his offense, including his intoxication. Defendant's PSIR contained many references to his intoxication at the time of the offense, as well as his history of alcohol addiction. Additionally, defense counsel stated during the sentencing hearing that alcohol was involved in the majority of defendant's prior offenses. And defendant spoke about his struggle with alcohol addiction and his desire for sobriety.

The trial court reviewed the PSIR "a couple times"; listened to the remarks from defendant and his counsel during the sentencing hearing; and stated that it was premising defendant's sentence on "the record, and what has occurred in this particular case." Defendant, therefore, has not presented any unique or rare circumstances to rebut the presumptively proportionate sentence handed down by the trial court. *Posey*, 512 Mich at 359.

Proportionality ultimately "is a function of the seriousness of the crime and of the defendant's criminal history." *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). And here, although defendant argues that "his true crime is being drunk and using bad judgment by running from police," the record indicates that defendant committed a similar offense six times before. Indeed, as the trial court noted, defendant's complete criminal history includes nine felonies and 22 misdemeanors. The trial court acknowledged that defendant's plea agreement precluded a habitual-offender enhancement, but it also stated that defendant's record was "very bad," such that his "guideline range is still five months to 23 months." Although defendant correctly argues that his parole agent recommended that defendant serve 24 months of probation, the trial court has the exclusive power to render a sentence. There is nothing in the record to suggest that the sentence—which falls within the minimum sentencing guidelines—violates the principle of proportionality.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron