*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARCUS LEE BARBER,

      Defendant-Appellant.

UNPUBLISHED
November 13, 2024
9:33 AM

No. 369443
Berrien Circuit Court
LC No. 2020-001496-FC

Before: BOONSTRA, P.J., and MURRAY and CAMERON, JJ.

PER CURIAM.

Defendant was convicted after a jury trial of two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d (multiple variables). On re-sentencing, the trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve 153 months to 230 months' imprisonment for each conviction. Defendant now appeals by right, arguing that the trial court abused its discretion because it failed to account for new information at the resentencing hearing, it based defendant's sentences on invalid considerations, and there is a lack of justification for the sentences. We affirm.

This case arises out of defendant's continuous sexual assaults of AV, a minor, resulting in a pregnancy. At the trial's conclusion, the jury found defendant guilty of two counts of CSC-III: one regarding an incident in or about December 2019 when AV was five months pregnant, and the other regarding an incident in or about July 2019 when she became pregnant. The jury acquitted defendant of one charge of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, regarding an incident involving penile penetration when AV was 10 years old. The jury was deadlocked on another charge of CSC-I, regarding digital penetration and oral sex from the same incident as the other charge of CSC-I, as to which the trial court declared a mistrial.

The trial court initially sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve 162 to 230 months' imprisonment for each conviction. Defendant appealed his sentences, and this Court held that, because the trial court had miscalculated defendant's sentences at his initial sentencing hearing and subsequently imposed corrected but harsher sentences at a hearing held the next day, the second harsher sentences were invalid and the initial ones violated

-1-

the two-thirds rule under *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).[1]  The Court vacated defendant's sentences and remanded for resentencing with the limitation that "the trial court cannot impose a maximum sentence that exceeds 230 months, . . . nor a minimum sentence that exceeds 153 months."[2]

At his resentencing hearing, defendant requested "a reduction below 153 months to the lower end of the guidelines" because he had not engaged in misconduct while incarcerated and his security level was lowered within the Michigan Department of Corrections (MDOC).  Defendant further explained that a sentence reduction would allow him to participate in MDOC programming faster than at his current sentence length.  The minimum guidelines range for both counts was 78 to 162 months, and the trial court resentenced defendant to 153 to 230 months' imprisonment.

Defendant argues that the trial court failed to consider new information at the resentencing hearing, that his sentences are based on acquitted conduct, and that a lack of justification for the sentences weakens their proportionality.

"[D]efendants may challenge the proportionality of any sentence on appeal and . . . the sentence is to be reviewed for reasonableness."  *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023).  "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion."  *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017).  "[T]he relevant question for appellate courts reviewing a sentence for reasonableness [is] . . . whether the trial court abused its discretion by violating the principle of proportionality . . . [.]"  *Id*.

Although the sentencing guidelines are advisory, trial courts must still consider the guidelines in sentencing determinations as "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion."  *People v Lockridge*, 498 Mich 358, 365, 391; 870 NW2d 502 (2015).  "[T]he appropriate sentence range is determined by reference to the principle of proportionality; it is a function of the seriousness of the crime and of the defendant's criminal history."  *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003).

"When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate."  *Posey*, 512 Mich at 360.  "[T]he defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ."  *Id*. at 359.  A defendant can overcome this presumption by "present[ing] unusual circumstances that would render the presumptively proportionate sentence disproportionate."  *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).  Accord: *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 345491); slip op at 2-4.

---

[1] *People v Barber*, unpublished per curiam opinion of the Court of Appeals, issued June 29, 2023 (Docket No. 359802), p 4.

[2] *Id*. at 5.

When assessing proportionality, a trial court "must take into account the nature of the offense and the background of the offender." *People v Milbourn*, 435 Mich 630, 651; 461 NW2d 1 (1990), abrogated on other grounds as recognized in *Steanhouse*, 500 Mich 453. Other factors that a trial court may consider in its proportionality assessment include the following:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Lampe*, 327 Mich App 104, 126; 933 NW2d 314 (2019).]

At the resentencing hearing, defense counsel argued that defendant had not engaged in misconduct during his imprisonment, that defendant's security level was lowered, and that a reduction would allow defendant to participate in programming while incarcerated. The trial court then stated the following in its support of its resentencing determination:

> In this particular case, it involved basically having sex with a young girl multiple times, somebody who you lived with, took advantage of her and it continued over a long period of time. . . . [T]he purpose of this sentence is punishment, protection of the community, deterrence, reformation and restitution. The guideline range on both these is 78 to 162 months. The [prior record variable] score is 25. This does still fall within the sentencing guideline range.

Defendant now argues that his new sentences are disproportionate because the trial court failed to account for new information at the resentencing hearing, his sentences are based on invalid considerations, and there is a lack of justification for the sentences; therefore, he is entitled to resentencing.

We hold that defendant has not successfully overcome his burden to show "unusual" or "rare" facts or circumstances that render his presumptively proportionate sentence unreasonable. *People v Ventour*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363922); slip op at 8, quoting *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013), and *People v Sharp*, 192 Mich App 501, 505; 481 NW2d 773 (1992). First, with respect to defendant's argument that the trial court failed to account for defendant's good behavior while incarcerated when it sentenced him to 153 to 230 months' imprisonment, we conclude that the trial court did not abuse its discretion when it did not explicitly account on the record for defendant's proffered good behavior. A trial court need not "expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019). And here, nothing shows that the court did not consider defendant's argument about his good behavior while in prison. In fact, the trial court had notice of defendant's good conduct, but nevertheless sentenced him again within the parameters of the sentencing guidelines and the limited remand from the prior panel. The trial court did not abuse its discretion when it did not explicitly account for defendant's proffered good behavior at the resentencing hearing. See *Steanhouse*, 500 Mich at 471.

Second, the trial court did not erroneously consider defendant's alleged penile penetration of AV when she was younger than 13 years old when it stated that the sexual assaults occurred "over a long period of time." Sentencing courts cannot consider acquitted conduct in their sentencing determinations. *People v Beck*, 504 Mich 605, 625-627; 939 NW2d 213 (2019). However, "[w]hen a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard." *Id*. at 626. Here, the trial court considered defendant's conduct of digital penetration and oral assault when AV was younger than 13 years old that supported the charge of CSC-I, because defendant was not *acquitted* of that charge; the jury was instead hung on that charge. As a hung jury does not result in a declaration of findings, facts supporting a charge resulting in a hung jury may be considered by a sentencing court under *Beck* using the lower preponderance-of-the-evidence standard. *Id*. at 625-627.

In any event, even if the trial court erroneously considered acquitted conduct in its sentencing, as defendant argues on appeal, sufficient facts existed showing defendant's sexual abuse of the victim spanning across years. AV testified that defendant sexually assaulted her "[t]oo many [times] to count" when she was between 13 and 15 years old. Because the lower standard applies and the court found AV credible, the trial court did not abuse its discretion when it considered defendant's years of sexual misconduct outside of the underlying conduct of an acquitted charge. See *Steanhouse*, 500 Mich at 471.

Finally, defendant argues that the trial court's explanation of its sentencing determination was a constitutionally insufficient justification. Defendant's within-guidelines sentences do not become unreasonable or disproportionate because he has not committed any misconduct while incarcerated. As to defendant's argument that the trial court failed to justify its reasoning for imposing the maximum sentence, the record shows that the trial court re-stated its various purposes for the sentence at the re-sentencing hearing, "including: punishment, protection of the community, deterrence, reformation and restitution." These justifications showed that the sentence was proportionate to the crime and the offender, both at the time of sentencing and at re-sentencing. See *Posey (On Remand)*, ___ Mich App at ___; slip op at 4. The trial court did not abuse its discretion when it imposed these within-guidelines sentences.

Affirmed.

/s/ Mark T. Boonstra
/s/ Christopher M. Murray
/s/ Thomas C. Cameron